United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                 Case No. 12-13055-amc
Regina Ruth McInnis                                                    Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Randi              Page 1 of 2              Date Rcvd: Dec 01, 2017
                              Form ID: 3180W           Total Noticed: 11

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 03, 2017.
```
db              +Regina Ruth McInnis,   7175 Moonlite Drive,   Manhattan, MT 59741-8460
12780152        +Philadelphia Gas Works,   800 W Montgomery Ave,   Phila pa,19122,
                  Atttn: Bankruptcy Dept 3F 19122-2898
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg              E-mail/Text: bankruptcy@phila.gov Dec 02 2017 02:03:36     City of Philadelphia,
                  City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                  Philadelphia, PA 19102-1595
smg              E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 02 2017 02:02:58     Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                  Harrisburg, PA 17128-0946
smg             +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 02 2017 02:03:17     U.S. Attorney Office,
                  c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12714470        +E-mail/Text: broman@amhfcu.org Dec 02 2017 02:03:11     American Heritage Fcu,
                  2060 Red Lion Rd,   Philadelphia, PA 19115-1699
12865457        +EDI: BANKAMER.COM Dec 02 2017 01:58:00     Bank of America, N.A.,   7105 Corporate Drive,
                  Plano, TX 75024-4100
12731174         E-mail/Text: bankruptcy@phila.gov Dec 02 2017 02:03:36     City of Philadelphia,
                  SchoolDistrict of Philadelphia,   Law Department - Tax Unit,   One Parkway Building,
                  1515 Arch Street, 15th Floor,   Philadelphia, PA 19102-1595
13028235         EDI: AIS.COM Dec 02 2017 01:58:00     Midland Funding LLC,   by American InfoSource LP as agent,
                  Attn: Department 1,   PO Box 4457,   Houston, TX 77210-4457
12770148         E-mail/Text: electronicbkydocs@nelnet.net Dec 02 2017 02:03:10     Nelnet on behalf of US Dept of Education,   U.S. Dept of Education,
                  3015 South Parker Road Suite 400,   Aurora CO 80014-2904
12760239         EDI: NAVIENTFKASMGUAR.COM Dec 02 2017 01:58:00     Sallie Mae Inc. on behalf of USA FUNDS,
                  Attn: Bankruptcy Litigation Unit E3149,   P.O. Box 9430,   Wilkes-Barre, PA 18773-9430
                                                                                              TOTAL: 9
```

```
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
13028236*        Midland Funding LLC,   by American InfoSource LP as agent,   Attn: Department 1,   PO Box 4457,
                  Houston, TX 77210-4457
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 03, 2017                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 1, 2017 at the address(es) listed below:
```
              ANDREW  SPIVACK    on behalf of Creditor    BANK OF AMERICA, N.A. paeb@fedphe.com
              ANDREW F GORNALL    on behalf of Creditor    Bank of America, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              ANDREW F GORNALL    on behalf of Creditor    BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              D. TROY SELLARS    on behalf of Creditor    BANK OF AMERICA, N.A. D.Troy.Sellars@usdoj.gov
              DAVID M. OFFEN    on behalf of Debtor Regina Ruth McInnis dmo160west@gmail.com,
               davidoffenecf@gmail.com
              KEVIN T MCQUAIL    on behalf of Creditor    Bank of America, N.A. ecfmail@mwc-law.com
              MARISA MYERS COHEN    on behalf of Creditor    BANK OF AMERICA, N.A. mcohen@mwc-law.com
              MATTHEW GREGORY BRUSHWOOD    on behalf of Creditor    BANK OF AMERICA, N.A. paeb@fedphe.com
              THOMAS I. PULEO    on behalf of Creditor    BANK OF AMERICA, N.A. tpuleo@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com,
               philaecf@gmail.com
```

```
District/off: 0313-2          User: Randi                 Page 2 of 2                  Date Rcvd: Dec 01, 2017
                              Form ID: 3180W              Total Noticed: 11
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                                   TOTAL: 12

Case 12-13055-amc    Doc 87    Filed 12/03/17    Entered 12/04/17 01:15:25    Desc Imaged
Certificate of Notice    Page 2 of 4

| **Information to identify the case:** | | |
|---|---|---|
| Debtor 1 | **Regina Ruth McInnis** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  **xxx–xx–4882** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | |
| Case number: | **12–13055–amc** | |

# Order of Discharge                                                           12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Regina Ruth McInnis

12/1/17                                                   **By the court:**   Ashely M. Chan
                                                                              United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

Form 3180W                                **Chapter 13 Discharge**                                page 1

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**